UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LARRY WALTERS,                          )
                                        )
                 Petitioner,            )
                                        )
        vs.                             )          Case No. 1:18-CV-78-ACL
                                        )
BILL STRANGE,[1]                        )
                                        )
                 Respondent.            )

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Larry Walters for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### I.  Procedural History

Walters is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City, Missouri.  (Doc. 16-1 at pp. 28-31.)

On December 4, 2013, Walters pled guilty to first-degree burglary, stealing, resisting arrest, and stealing a motor vehicle.  *Id.* at 32-47.  On January 24, 2014, the court sentenced Walters as a prior and persistent offender to a total of thirty years' imprisonment, but suspended execution of the sentence and imposed a five-year term of probation.  *Id.* at 23-26.  On May

---

[1]The Court substitutes Bill Strange, the present Warden of Southeast Correctional Center ("SECC") where Petitioner is currently in custody, for Jason Lewis, who was the Warden of SECC and identified as the Respondent at the time Petitioner filed this habeas proceeding. Fed. R. Civ. P. 25(d).

20, 2016, following a hearing, Walters' probation was revoked, and his thirty-year prison sentence was executed due to his entry of guilty pleas on four new charges.   *Id.* at 76-85.

On June 20, 2016, Walters filed a *pro se* motion for post-conviction relief under Rule 24.035.   *Id.* at 90-96.   After appointment of counsel, an amended post-conviction relief motion and request for an evidentiary hearing was filed.   *Id.* at 107-18.   In his amended motion, Walters argued that he received ineffective assistance of counsel in that plea counsel failed to inform him of his maximum sentence.   *Id.*   The motion court denied Walters' motion and his request for an evidentiary hearing.   *Id.* at 121-24.

Walters raised the same ineffective assistance of counsel claim in his appeal from the denial of post-conviction relief.   (Doc. 16-2.)   On February 20, 2018, the Missouri Court of Appeals affirmed the decision of the motion court.   (Doc. 16-4.)

Walters filed the instant Petition on March 27, 2018, in which he raises the following three[2] grounds for relief: (1) plea counsel was ineffective in that he did not do what Walters asked him to do; (2) plea counsel was ineffective in that he misled Walters about the length of his sentence; and (3) the trial court "bragged" about sentencing Walters to thirty years.   (Doc. 1.)

In his Response to Order to Show Cause, Respondent argues that the Petition should be denied as untimely.   (Doc. 16.)   In the alternative, Respondent contends that Walters' first and third grounds for relief are procedurally defaulted, and all of his claims are meritless.

---

[2]Although the Petition only lists two grounds for relief, "Ground One" contains two separate claims.   (Doc. 1 at p. 4.)

## II.   Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard.   *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999).   "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"   *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)).   Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."   *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).   With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."   *Id.* at 413; *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).   In other words, "a federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.   Rather that application must also be

unreasonable."   *Williams*, 529 U.S. at 411.

## III. Statute of Limitations

Respondent first argues that the Petition should be dismissed, because Walters failed to

file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A).   "The Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period

for state prisoners to file federal habeas corpus petitions."   *Bear v. Fayram*, 650 F.3d 1120,

1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)).   This one-year period begins to run from

"the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   A habeas petition

filed after the expiration of the limitations period is untimely and must be dismissed on that

basis.   *Bear*, 650 F.3d at 1122, 1125.

Pursuant to Missouri Supreme Court Rule 30.03, Walters had ten days after his January

24, 2014 sentencing in which to file his direct appeal.   Walters did not directly appeal his

convictions or sentence.   The statute of limitations under AEDPA therefore began to run on

February 3, 2014, and expired on February 3, 2015.   Although Walters sought post-conviction

relief, he did not file his post-conviction motion until June 20, 2016, after the statute of

limitations for his federal habeas petition expired.   As such, the one-year limitations period was

not tolled during the pendency of Walters' post-conviction proceedings.   Thus, the Petition

filed on March 27, 2018 is untimely, and should be dismissed on this basis.

## IV.    Petitioner's Claims

Walters raises three grounds for relief.    The undersigned will discuss these claims in turn.

**1.    Ground One**

In his first ground for relief, Walters argues that plea counsel did not do what Walters asked him to do.    Walters did not raise this claim in the post-conviction proceedings. Respondent agues that it is, therefore, procedurally defaulted.

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules.    *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted).    A claim must be presented at each step of the judicial process in State court in order to avoid procedural default.    *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994).    If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."    *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Walters failed to present this claim in the state post-conviction proceedings, and does not attempt to demonstrate cause for his default.    Thus, this claim is procedurally defaulted.

Walters' first claim also fails on its merits.    The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.    *Strickland v. Washington*, 466

U.S. 668 (1984).   In the context of a guilty plea, a defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel.   *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).   "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."   *Id*.   "Where...a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."   *Id*. (citation omitted).

To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the petitioner's defense.   *Strickland*, 466 U.S. at 687-88 (1984).   A petitioner must show that he would not have pled guilty, and would have insisted on going to trial, but for counsel's deficient performance.   *See Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001); *Wilcox v. Hopkins*, 249 F.3d 720, 722 (8th Cir. 2001); *Witherspoon v. Purkett*, 210 F.3d 901, 903 (8th Cir. 2000).   To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.   *Id.*   The court must then make a determination of whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."   *Id.*   In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.   To satisfy the "prejudice" component of *Strickland*, a petitioner "must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

During the guilty plea proceeding, Walters expressed satisfaction with his counsel as follows:

> THE COURT: And has your attorney done everything that you've asked?
>
> [Walters]:   Yes, sir.
>
> THE COURT:   Are you satisfied with his services?
>
> [Walters]:   Yes, sir.
>
> THE COURT:   Is there anything that he's not done that you wanted him to do for you?
>
> [Walters]:   No, sir.
>
> THE COURT:   Any complaints against him whatsoever?
>
> [Walters]:   No, sir.

(Doc. 16-1 at 44-45.)

The record refutes Walters' claim that his attorney did not do what Walters asked him to do.   Accordingly, Walters' first claim will be denied.

**2.     Ground Two**

In his second ground for relief, Walters argues that plea counsel was ineffective in that he misled Walters about the length of his sentence.   Specifically, Walters contends that counsel told him he would receive a twelve-year sentence.

During the guilty plea proceedings, the prosecutor described the range of punishment as follows:

> [Prosecutor]:   Your Honor, the defendant is a prior and persistent offender; therefore, the range on Count I is five to life in prison.

> For Count II, it would be up to a year in a medium security institution and/or a fine up to $5,000.
>
> And on Count IV, it would be five—up to 15 years in the Missouri Department of Corrections.

*Id.* at 42-43.   When asked by the court if he understood the range of punishment, Walters responded "Yes, sir."   *Id.* at 44.   He also admitted that he was a prior and persistent offender. *Id.*   The trial court explained that Walters could be sentenced to the maximum of a life sentence plus twenty-three years.   *Id.*   Walters testified that he understood the range of punishment and he still wished to plead guilty.   *Id.*

Walters raised this claim in the post-conviction proceedings.   The Missouri Court of Appeals rejected this claim, finding that the record "directly and clearly refutes [Walters'] claim that he made his guilty plea unknowingly, unintelligently, and involuntarily."   (Doc. 16-4 at p. 4.)   The Court stated:

> Throughout the plea hearing, Movant was given ample opportunities to seek further advice from his counsel, ask the plea court questions, and voice his displeasure with his counsel's services.   Even if it is true that Movant would have preferred to discuss his options and possible range of punishment with his counsel more thoroughly, that alone is not sufficient to show his plea was made involuntarily or unknowingly.   Moreover the record directly refutes Movant's claims that his plea was involuntary or made unknowingly, and he clearly and unequivocally told the court that he understood his possible range of punishments, he did not have any questions for the court or his plea counsel, he did not wish for more time to discuss the plea with his counsel, and he was satisfied with his counsel's work.

*Id.* at 7.

Based on the record, the Court finds Walters has failed to show the State court applied the *Strickland* test in an objectively unreasonable manner.   The Missouri Court of Appeals held that the record refuted Walters' claim of an unknowing or involuntary plea due to counsel's failure to explain the range of punishment.   The prosecutor explained the range of punishment

and Walters represented that he understood.   Walters further testified that he had no questions for the court or counsel, and that he was satisfied with counsel's services.   The record establishes that Walters made a knowing and voluntary decision to enter a guilty plea and Walters has failed to establish that he is entitled to relief under 28 U.S.C. § 2254.

Accordingly, Walters' second claim will be denied.

**3.      Ground Three**

In his third ground for relief, Walters argues that the trial court judge "bragged" to "sheriffs and other attorneys" about sentencing him to thirty years.   (Doc. 1 at p. 6.)

Walters admits that he did not raise this claim in the state court proceedings.   He explains that he did not raise this claim previously because counsel advised him that the claim was not credible.   *Id.*

The Court finds that Walters' claim is both procedurally defaulted and meritless. Walters has not demonstrated cause for his procedural default of this claim.   Instead, he states that post-conviction counsel advised him that this claim was not credible.   Walters does not argue that this legal advice was unreasonable or that he was prejudiced as a result.   Walters' claim that the trial judge bragged about sentencing him is not a cognizable claim under § 2254(a).

Accordingly, this claim will be denied.


**V.      Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.   *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999).   A substantial showing is established if the issues

are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   In this case, Walters has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of September, 2021.